IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

ARCO/MURRAY NATIONAL
CONSTRUCTION COMPANY, INC.,

            Plaintiff,

v.                                     Civil Action No. _____

OWL CREEK ENERGY, LLC,
a Virginia limited liability company,

TRUIST BANK f/k/a BRANCH BANKING
AND TRUST COMPANY,

BB&T-VA COLLATERAL SERVICE CORPORATION,
TRUSTEE,

and

SERETTA CONSTRUCTION MID-ATLANTIC, LLC,
a Florida limited liability company,

            Defendants.

COMPLAINT AND
BILL TO ENFORCE MECHANIC'S LIENS

Plaintiff, ARCO/Murray National Construction Company, Inc. ("ARCO"), for its Complaint and Bill to Enforce Mechanic's Liens, states as follows:

### Parties

1. ARCO is a corporation organized under the laws of the State of Delaware with its principal place of business in Downers Grove, Illinois.

2. Defendant, Owl Creek Energy, LLC ("OCE"), is a limited liability company organized under the laws of the Commonwealth of Virginia for the purpose of constructing a

manufacturing facility on a certain parcel of real property in Virginia Beach, Virginia, and more particularly described in the Memoranda for Mechanic's Lien, attached hereto as **Exhibits 1, 2, and 3** (the "Property"). OCE is the owner of the Property, and its principal place of business is Virginia Beach, Virginia. Upon information and belief, OCE does not have any members that are residents of Delaware or Illinois.

3. Truist Bank f/k/a Branch Banking and Trust Company is a corporation organized under the laws of the state of North Carolina with its principal place of business in Winston-Salem North Carolina. It is the beneficiary on a credit line Deed of Trust dated January 28, 2019, recorded in the Clerk's Office of the Circuit Court of Virginia Beach ("Clerk's Office") as Instrument Number 20190129000072790 that lists OCE as the Grantor, and therefore may claim an interest in the Property.

4. BB&T-VA Collateral Service Corporation is a corporation organized under the laws of the Commonwealth of Virginia with its principal place of business in Richmond, Virginia. It is the trustee on the credit line Deed of Trust referenced in the preceding paragraph, and therefore may claim an interest in the Property.

5. Seretta Construction Mid-Atlantic, LLC is a limited liability company organized under the laws of the state of Florida that filed a Memorandum for Mechanic's Lien dated March 31, 2021 in the Clerk's Office as Instrument Number 202103027484, respecting the Property owned by OCE, and therefore may claim an interest in the Property. Upon information and belief, Seretta Construction Mid-Atlantic, LLC does not have any members that are residents of Delaware or Illinois.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, based on complete diversity of the parties and an amount in controversy exceeding $75,000, exclusive of interest and costs.

7. Defendants are subject to the personal jurisdiction of this Court based on their transacting business in this Commonwealth and/or contracting to supply services or things in this Commonwealth and based on the liens being subject to enforcement in a court wherein the building is situated or where the owner resides. Va. Code Ann. §§ 8.01-328.1, 43-22.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this District, and a substantial part of the events or omissions giving rise to the claims alleged herein occurred and a substantial part of the property that is the subject of this action is situated in this District.

## Facts

*Lack of Payment to ARCO*

9. On or about January 4, 2019, ARCO entered into a Modified Form of Agreement between Owner and Design-Builder – Cost Plus Fee with an Option for a Guaranteed Maximum Price (DBIA Document No. 530) with a Modified Form of General Conditions of Contract between Owner and Design-Builder (DBIA Document No. 535) (collectively "Contract") for the design and construction of a 500,000 SF new manufacturing facility at the Property ("Project"). A true and accurate copy of the Contract for the Project is attached as **Exhibit 4**.

10. ARCO has furnished the construction work covered by the Contract and has provided substantial performance of the Project within the terms of the Contract.

11. Despite the Project having reached Substantial Completion (as defined in the Contract), OCE has refused to pay all of the amounts due for base Contract work and change order work and has refused to pay all of the retainage to ARCO as required by the Contract.

12. ARCO has complied with all conditions precedent for payment of the sums sought in this Complaint.

13. As of the date of the filing of this Complaint, OCE continues to refuse to pay the remaining balance due and owing to ARCO.

*Modification of Pay Application*

14. In the Contract, OCE designated Terry Spitzer of OCE and Barry Koenemann of United Construction as the Owner's Representatives for the Project.

15. As part of his role as Owner's Representative, Mr. Koenemann reviewed ARCO's pay applications before they were submitted to OCE's lender for payment.

16. Upon information and belief, Mr. Koenemann took one of ARCO's pay applications, which was certified, signed, and notarized by ARCO, and modified the pay application to create a new version of an existing pay application, leaving ARCO's certification on the altered pay application as if ARCO had agreed to and certified the amounts listed by Mr. Koenemann.

17. Upon information and belief, after modifying the pay application to reduce the amount sought by ARCO, Mr. Koenemann submitted the modified pay application to the lender as if it had been certified and submitted by ARCO.

18. Upon information and belief, in response to the modified pay application, the lender paid a lesser amount to ARCO than was requested in ARCO's original pay application.

4

19. Mr. Koenemann did not secure ARCO's permission to modify its pay application or to leave ARCO's certification on the modified pay application.

20. ARCO anticipates that Mr. Koenemann may have modified other pay applications submitted and certified by ARCO.

*Delay Issues*

21. As stated above, OCE designated Terry Spitzer of OCE and Barry Koenemann of United Construction as the Owner's Representatives in the Contract.

22. OCE and, in particular, Mr. Koenemann, failed to make timely decisions required for the Project which led to repeated delays to ARCO's performance on the Project. OCE, through its Owner's Representatives, also repeatedly made changes in the design for the Project that caused schedule delays. In addition, the Project experienced delays related to the COVID-19 pandemic.

23. Starting in July 2020, ARCO provided notice to OCE of its claim for additional General Conditions costs based on the delays experienced by ARCO, which were caused by parties other than ARCO, including OCE and its Owner's Representatives.

24. After July 2020, ARCO continued to document the delays that it was experiencing and submitted Change Order No. 13 for additional costs, including additional General Conditions costs.

25. To date, OCE has refused to compensate ARCO for its additional General Conditions costs stemming from such delays to ARCO's work and otherwise has refused to pay amounts due and owing to ARCO.

## COUNT I
### (Breach of Contract against OCE)

26. ARCO incorporates by reference the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27. ARCO entered into a binding Contract with OCE for the Project.

28. ARCO performed its work for the Project and performed changed and/or additional work specifically requested and directed by OCE.

29. OCE has failed and refused to pay ARCO for the work ARCO performed under the Contract, including base Contract work, retainage, and change order work.

30. OCE's failure to make payment to ARCO constitutes a breach of contract.

31. As a direct and proximate result of OCE's breach of contract, ARCO has been damaged in the amount of One Million Seven Hundred Sixty-Eight Thousand Ninety-Eight and 19/00 Dollars ($1,768,098.19).

WHEREFORE, plaintiff, ARCO/Murray National Construction Company, Inc., requests judgment be entered in its favor against defendant, Owl Creek Energy, LLC, in the sum of $1,768,098.19 plus pre-judgment and post-judgment interest until paid, reasonable attorneys' fees as permitted under Section 10.3 of the General Conditions of the Contract, and the costs of this action.

## COUNT II
### (Unjust Enrichment against OCE)

32. ARCO incorporates by reference the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

33. In the alternative, to the extent that no express contract is found to exist as to all or some of the labor and material performed by ARCO for the Project, ARCO's provision of this

labor and material was at the request of OCE, based on communications between ARCO and OCE in which OCE induced ARCO's performance.

37. Such request by OCE implied a promise by OCE to compensate ARCO for the labor and materials supplied.

35. OCE had an appreciation or knowledge of the benefit and accepted or retained the benefit without paying for its reasonable value.

36. The work was performed with the clear expectation that OCE would pay ARCO for such work for the Project.

37. The reasonable value to OCE for the benefit of ARCO's provision of labor and materials is $1,768,098.19 and such reasonable value remains due, owing and payable.

WHEREFORE, plaintiff, ARCO/Murray National Construction Company, Inc., requests judgment be entered in its favor against defendant, Owl Creek Energy, LLC, for the reasonable value of the labor performed and materials furnished by ARCO in the sum of $1,768,098.19, plus pre-judgment and post-judgment interest and the costs of this action.

## COUNT III
### (Enforcement of Mechanic's Liens against All Defendants)

38. ARCO incorporates by reference the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

39. All of the labor, equipment and materials furnished by ARCO under its Contract with OCE was used for the construction of improvements to the Property.

40. All of the labor, equipment and materials furnished by ARCO and used for the construction of improvements to the Property was ordered and authorized by OCE.

41. After ARCO furnished the labor, improvements, equipment and materials covered by its Contract with OCE, but not later than 90 days from the last day of the month in which ARCO last performed labor or furnished materials and not later than 90 days from the time the improvements to the Property were completed or the work thereon otherwise terminated, ARCO filed and recorded in the Clerk's Office on April 30, 2021, three Memoranda for Mechanic's Lien Claimed by General Contractor as Instrument Nos. 202103036330.001, 202103036331.001, and 202103036332.001, subscribed and sworn to by an authorized agent of ARCO, true and accurate copies of which are attached hereto as **Exhibits 1, 2,** and **3**, respectively.

42. None of the aforesaid Memoranda for Mechanic's Lien filed by ARCO include sums due for labor or materials furnished more than 150 days prior to the last day on which labor was performed or materials furnished to the Property preceding the filing of the Memoranda, other than for retainage not exceeding ten percent (10%) of the Contract Price.

43. In addition to filing the aforesaid Memoranda for Mechanic's Lien, on or about April 30, 2021, ARCO mailed a copy of each of the Memoranda for Mechanic's Lien to OCE at OCE's last known addresses.

44. An itemized statement of ARCO's account showing the amount and character of the work done and materials furnished, the prices charged therefore, the payments made, if any, the balance due, and the time from which interest is claimed thereon, the correctness of which is verified by affidavit, is attached hereto as **Exhibit 5**.

45. This suit was brought within six months from the time the aforesaid Memoranda for Mechanic's Liens were recorded by ARCO and before 60 days elapsed from the time the improvements to the Property were completed or the work thereon otherwise terminated, which ever time last occurred.

46.     The labor and materials provided by ARCO improved the Property at least in the amounts set forth in Exhibits 1, 2, and 3.

47.     Any and all other requirements of Virginia Code § 43-1, *et seq.* and conditions precedent to ARCO's recovery as sought in this Count have occurred or been met, and the Memoranda for Mechanic's Lien constitute valid and existing liens against the Property.

WHEREFORE, plaintiff, ARCO/Murray National Construction Company, Inc., prays that (a) its debt and the validity of its Memoranda for Mechanic's Liens be duly ascertained and confirmed by this Court; and (b) the Property with the improvements thereon, after the liens thereon in their priority have been duly ascertained, be sold to satisfy ARCO's aggregate claim of $1,749,798.19 plus pre-judgment and post-judgment interest, reasonable attorneys' fees as permitted under Section 10.3 of the General Conditions of the Contract, and the costs of this action.

**ARCO/MURRAY NATIONAL CONSTRUCTION COMPANY, INC.**

By: _/s/ Kristan B. Burch_
Terence Murphy (VSB No. 24081)
Dennis T. Lewandowski (VSB No. 22232)
Kristan B. Burch (VSB No. 42640)
Clark J. Belote (VSB No. 87310)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 1900
Norfolk, VA 23510
Phone:  (757) 624-3000
Fax:    (888) 360-9092
Email: tmurphy@kaufcan.com
Email: dtlewand@kaufcan.com
Email: kbburch@kaufcan.com
Email: cjbelote@kaufcan.com
*Counsel for ARCO/Murray National Construction Company, Inc.*